IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Empire Leaseholder LLC**, and **Empire Offshore Wind LLC**, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br> **Douglas J. Burgum,** in his official capacity as Secretary of the Interior, **et al. U.S. Department of the Interior**; **Matthew Giacona**, in his official capacity as Acting Director of the Bureau of Ocean Energy Management; and **Bureau of Ocean Energy Management**, <br><br>　　　　　Defendants. | Case No. 1:26-cv-00004-CJN |

**FEDERAL DEFENDANTS' RESPONSE TO COURT'S ORDER REGARDING CASE RELATION**

On January 7, the Court requested that the parties submit their positions on whether this case is properly designated as related under Local Civil Rule 40.5 to *Save Long Beach Island v. U.S. Department of the Interior*, No. 25-cv-2214-CJN (D.D.C.).

Under Local Civil Rule 40.5, civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). This case is not a patent case, so we focus on the other three categories.

Both this case (which for purposes of citation we will call "*Empire*") and *Save Long Beach Island* are brought under the Administrate Procedure Act, and both involve the Empire Wind offshore wind energy project. *See Empire* Compl. ¶ 18; *Save Long Beach Island* Compl.

1

¶ 1. The complaints, however, challenge different agency actions by the Department of the Interior.[1] *Save Long Beach Island* challenges Interior's decision to approve the construction and operations plan (or "COP") for Empire Wind. *Save Long Beach Island* Compl. ¶¶ 47–91. The present case, by contrast, challenges an Interior decision to suspend activities happening under that prior COP approval. *Empire* Compl. ¶¶ 56–87.

Some legal background is helpful for context. Empire Wind is an offshore wind energy project on the Outer Continental Shelf ("OCS"). The OCS consists of the submerged lands beneath the ocean, generally from 3 to 200 miles seaward of the coastline. *Ctr. for Biological Diversity v. Jewell*, 563 F.3d 466, 472 (D.C. Cir. 2009); 43 U.S.C. § 1331(a). Interior—as delegated to its Bureau of Ocean Energy Management, or BOEM—holds the authority to issue leases for offshore wind development. *See* 43 U.S.C. § 1337(p)(1)(C) (authorizing the Secretary of the Interior to "grant a lease, easement, or right-of-way" for activities that "produce or support production, transportation, storage, or transmission of energy from sources other than oil and gas"). But under BOEM's renewable energy regulations and lease terms, a lease issued under OCSLA does not itself authorize development. 30 C.F.R. § 585.200(a). A lessee must first assess the site, obtain BOEM's approval of a site assessment plan, and obtain BOEM's approval of a COP. 30 C.F.R. §§ 585.600, 585.605–585.613, 585.620–585.628.

Returning to Local Civil Rule 40.5(a)(3), the two cases do not technically grow from the same event or transaction or involve common issues of fact. Each case challenges a different Interior final agency action. And because the cases arise under the APA, judicial review of each action will be conducted on the administrative record for each separate action. *Fla. Power & Light v. Lorion*, 470 U.S. 729, 743–44 (1985). Though it seems likely the administrative records

---

[1] *Save Long Beach Island* also challenges an action by the National Marine Fisheries Service.

may have overlap in some documents, the Court does not act as a factfinder under the APA. *See Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (when a plaintiff challenges agency action, "[t]he entire case on review is a question of law, and only a question of law.").

The two cases do, however, arguably relate to common property. Both cases challenge Interior decisions that implicate Empire Wind's activities under the governing lease. And familiarity with the Project (and administrative processes relating thereto) will likely create judicial efficiencies across the two cases that may counsel in favor of relation. Indeed, similarly postured cases—three cases challenging Interior approvals for an offshore wind project and one challenging Interior suspension orders for the same project—are currently related before Judge Lamberth. *See Preservation Soc'y of Newport Cnty. v. Haaland*, No. 23-cv-3513 (D.D.C.); *Green Oceans v. U.S. Dep't of the Interior*, No. 24-cv-141; *Southeast Lighthouse Foundation v. Haaland*, No. 23-3515 (D.D.C.); *Revolution Wind v. Burgum*, No. 25-cv-2999 (D.D.C.). Even if related, however, *Empire* and *Save Long Beach Island* challenge different agency actions and are therefore not good candidates for consolidation.

January 8, 2026

                                                    ADAM R.F. GUSTAFSON
                                                  Principal Deputy Assistant Attorney General

                                                  *s/ Kristofor R. Swanson*
                                                  KRISTOFOR R. SWANSON
                                                  (Colo. Bar No. 39378)
                                                  United States Department of Justice
                                                  Environment & Natural Resources Division
                                                  Natural Resources Section
                                                  P.O. Box 7611
                                                  Washington, DC 20044-7611
                                                  (202) 598-1937

kristofor.swanson@usdoj.gov

*Attorney for Federal Defendants*
