UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPIRE LEASEHOLDER LLC, *et al.*,<br><br>　*Plaintiffs*,<br><br>v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the Interior, *et al.*,<br><br>　*Defendants*. | Case No. 1:26-cv-00004-CJN<br><br>Judge Carl J. Nichols |

### EMPIRE WIND'S BRIEF REGARDING DESIGNATION OF CASE NO. 25-CV-2214 AS RELATED CASE

Pursuant to the Court's Minute Order issued on January 7, 2026, Plaintiffs Empire Leaseholder LLC and Empire Offshore Wind LLC (together, "Empire Wind") file this brief addressing whether this action and *Save Long Beach Island, et al., v. Dep't of Com. et al.* ("*SLBI*"), No. 1:25-cv-2214, are related cases under Local Civil Rule 40.5. In filing its Complaint in this action, Empire Wind concluded that this case and *SLBI* are related cases under Rule 40.5 because the cases involve common issues of fact, in part, and grow out of the same event or transaction.[1]

---

[1] Accordingly, Empire Wind identified *SLBI* as a related case on the Notice of Designation of Related Civil Cases filed with its Complaint in this action. ECF 1. Empire Wind's Notice of Designation of Related Civil Cases also identified another case pending in this Court, *Revolution Wind, LLC v. Douglas J. Burgum, et al.*, No. 1:25-cv-02999-RCL, which challenges a government action nearly identical to the one challenged in this matter issued to an offshore wind project. In the interest of thoroughness, Empire Wind also identified three cases in the U.S. District Court for the District of New Jersey, one of which is pending—*Protect our Coast NJ, et al. v. United States of America, et al.*, No. 3:25-cv-06890-GC-TJB)—and two of which have been dismissed—*Save Long Beach Island, et al. v. U.S. Dept. of Commerce, et al.*, No. 3:23-cv-01886-RK-JBD, and *Save Long Beach Island, et al., v. U.S. Dept. of Commerce, et al.*, No. 3:25-cv-04155-RK-JBD). Subsequent to filing the Complaint in this action, Empire Wind filed another Notice of Designation of Related Civil Cases in this action on January 7, 2026, identifying *Virginia Electric and Power Co., et al. v. U.S. Dept. of Interior, et al.*, No. 2:25-cv-830, pending in the U.S. District Court for the Eastern District of Virginia, as a related case. ECF 9. Further, on January 6, 2026, another action was filed in this Court, *Sunrise Wind LLC v. Douglas J. Burgum et al.*, No. 1:26-cv-00028,

Empire Wind briefly summarizes below the substance and status of the instant case and *SLBI* and sets forth its analysis on why the two cases are related under Rule 40.5.

A.     The *SLBI* Action.

In *SLBI*, the Plaintiffs, collectively referred to as SLBI, seek an order vacating and setting aside the Letter of Authorization ("LOA") issued by the U.S. Department of Commerce, National Marine Fisheries Service ("NMFS") and the Record of Decision ("ROD") and the Construction and Operations Plan Approval ("COP Approval") issued by the U.S. Department of the Interior ("Interior"), Bureau of Ocean Energy Management ("BOEM") (NMFS and BOEM collectively, "Federal Defendants"). These authorizations all relate to the Empire Wind project (the "Project"), a commercial-scale offshore wind farm under construction offshore New York. SLBI alleges that the Federal Defendants violated the Administrative Procedure Act ("APA"), the Outer Continental Shelf Lands Act ("OCSLA"), the National Environmental Policy Act ("NEPA"), and the Marine Mammal Protection Act ("MMPA") when issuing the challenged approvals. On August 8, 2025, this Court granted Empire Wind's motion to intervene in the case. On October 24, 2025, this Court issued a Memorandum Opinion denying SLBI's motion for a preliminary injunction to enjoin further work on the Project. ECF 27. A motion to dismiss filed by Empire Wind remains pending. ECF 20.

B.     The Instant Action.

This instant action filed by Empire Wind challenges an order issued by BOEM on December 22, 2025, directing Empire Wind to "suspend all ongoing activities related to the Empire Wind 1 Project on the Outer Continental Shelf" except for activities necessary to prevent

---

which challenges a government action nearly identical to the one challenged in this matter. Empire Wind believes *Sunrise Wind* is also related to the instant case. *Sunrise Wind* has been assigned to Judge Royce C. Lamberth.

harm to health, safety, or the environment ("Suspension Order"). The one-page Suspension Order relies upon unexplained national security concerns based on an undisclosed November 2025 "assessment" by the Department of War ("DoW"). The Suspension Order has halted the Project's construction, including critical construction activities that are scheduled to take place in the coming days.

On January 6, 2026, Empire Wind filed a motion for stay pending review and a preliminary injunction seeking to enjoin Interior from enforcing the Suspension Order and allowing Empire Wind to continue construction of the Project pending the resolution of the merits in this action. As set forth in Empire Wind's motion, if allowed to stand, the Suspension Order substantially threatens cancellation of the Project, which is fully and duly permitted under the law and has been in active construction for over a year and a half at a cost of billions of dollars. Empire Wind alleges that the Suspension Order violates the APA, OCSLA, and Due Process Clause of the Fifth Amendment to the United States Constitution. This Court has set a hearing on the preliminary injunction motion for January 14, 2026.

C.  Application Of Rule 40.5 To *SLBI* And The Instant Case.

Under Rule 40.5, in relevant part, civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact, or (iii) grow out of the same event or transaction ..." Local Rule 40.5.[2]

1.  The two cases involve common issues of fact.

Empire Wind concluded that *SLBI* and the instant case are related because they involve common facts relating to, among other things, the decade-long government process to review and,

---

[2] Rule 40.5 further provides that cases are deemed related when they relate to common property or involve the validity or infringement of the same patent, neither of which applies here.

ultimately, approve the Project, Empire Wind's enormous expenditure of time and resources in obtaining that approval and developing and constructing the Project, and the efforts by various entities—the Project challengers in *SLBI* case and the federal government itself in the instant case—to prevent construction of the Project.

As one clear and specific example of factual overlap, as noted above, BOEM's Suspension Order is based entirely on DoW's undisclosed and classified "assessment" that the Project raises national security risks.  BOEM's press release issued concurrently with the Suspension Order suggests that it aims to address concerns related to air defense radar interference caused by the spinning of wind turbine blades.[3]  Relatedly, in the *SLBI* action, SLBI's Third Cause of Action alleges that BOEM violated OCSLA because its COP Approval "raises direct, substantial issues regarding interference with radar usage, navigation, and in turn, national security."  *SLBI*, No. 1:25-cv-2214, ECF 1 at ¶ 71.  SLBI challenges BOEM's analysis of national security issues in reviewing the Project, including its analysis in the Final Environmental Impact Statement for the Project.  *Id.* ¶ 76.

Thus, in both cases, evidence regarding the government's assessment of the Project's potential impact on national security, including radar, will be highly relevant.  In both cases, the evidence will show that, prior to issuing the Project's approvals, BOEM continually consulted with DoW and both BOEM and DoW concluded that the Project's implementation of certain mitigation measures would ensure that the Project will not adversely affect national security or defense operations, including radar.  "The common issues of fact test largely revolves around whether 'the

---

[3] U.S. Dept. of the Interior, *Press Release: The Trump Administration Protects U.S. National Security by Pausing Offshore Wind Leases,* (Dec. 22, 2025), https://www.doi.gov/pressreleases/trump-administration-protects-us-national-security-pausing-offshore-wind-leases.

Court will be required to make similar factual determinations in both cases.'" *Millard v. Gov't of D.C.*, No. 1:22-CV-2672-RCL, 2023 WL 2301927 (D.D.C. Mar. 1, 2023) (quoting *Singh v. McConville*, 187 F. Supp. 3d 152 (D.D.C. 2016)).  Here, the Court will be required to make nearly identical factual determinations regarding the thoroughness of the government's pre-approval assessment of the impacts of the Project on national security, as well as the government's ultimate decision that the Project would not pose any such risk due to the mitigation measures in place.

      2.     <u>The two cases relate to the same event or transaction</u>.

The instant case and *SLBI* are also related because they both relate, in part, to the same transaction—the government's approval of the Project.  In *SLBI*, the Plaintiffs allege that the government's approval process for the Project was legally deficient and that the government failed to comply with its statutory obligations, rendering the Project approvals invalid.  In contrast, both the government and Empire Wind in *SLBI* have taken the position that the government fulfilled its legal obligations in reviewing and approving the Project, at least with respect to the LOA, the authorization at issue in SLBI's motion.  In this case, Empire Wind similarly relies upon the thoroughness of the government's approval process for the Project, including its conclusion that the Project raises no national security risks.  Moreover, based on those facts and circumstances underlying the government's approval process, Empire Wind further argues that the Suspension Order constitutes an arbitrary and capricious change in agency position, lacking any reasonable explanation or agency awareness of the change or Empire Wind's reasonable reliance interests.

Thus, in filing its Complaint in this case, Empire Wind concluded that both cases, in part, relate to the same transaction and are therefore related cases under Rule 40.5.

Date: January 8, 2026                               Respectfully submitted,

                                                                      /s/ *Ann D. Navaro*

Tyler S. Johnson (DC Bar #1003009)        Ann D. Navaro (DC Bar #1643328)
(*pro hac vice pending*)                                 David A. Super (DC Bar #429359)
**BRACEWELL LLP**                                 Taylor M. Stuart (DC Bar #429359)
701 Fifth Avenue                                         **BRACEWELL LLP**
Suite 6850                                                 2001 M Street NW, Suite 900
Seattle, Washington 98104                       Washington, DC 20036
Telephone: (206) 204-6211                     Telephone: (202) 828-5800
Facsimile: (800) 404-3970                       Facsimile: (800) 404-3970
Email: ty.johnson@bracewell.com             Email: ann.navaro@bracewell.com
                                                                         david.super@bracewell.com
                                                                        taylor.stuart@bracewell.com

                                                                      *Counsel for Plaintiffs*
                                                                      *Empire Leaseholder LLC and Empire Offshore*
                                                                      *Wind LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January 2026, a true and complete copy of *Empire Wind's Brief Regarding Designation of Case No. 25-cv-2214 as Related Case* was filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

                                                                                                       */s/ Ann D. Navaro*
                                                                                                        Ann D. Navaro