UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPIRE LEASEHOLDER LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUGLAS J. BURGUM, in his official capacity as Secretary of the Interior, *et al.*, <br><br> *Defendants*. | Case No. 1:26-cv-00004-CJN <br><br> Judge Carl J. Nichols |

### EMPIRE WIND'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY PENDING REVIEW

Pursuant to Local Civil Rule 65.1(c), Plaintiffs Empire Leaseholder LLC and Empire Offshore Wind LLC (together, "Empire Wind") move for leave to file a Reply (Exhibit 1 hereto), one hearing transcript (Exhibit A to Reply), and one rebuttal declaration (Exhibit B to Reply), in support of Empire Wind's pending Motion for a Preliminary Injunction and Stay Pending Review ("Preliminary Injunction Motion"). Dkt. No. 8. As explained below, good cause exists to grant the requested leave and Defendants will not suffer prejudice by submission of Empire Wind's reply and rebuttal declaration. Pursuant to Local Civil Rule 7(m), on January 13, 2026, counsel for Empire Wind contacted counsel for Defendants regarding Defendants' position on this request for leave, and Defendants' counsel stated that the United States opposes the requested relief.[1] A proposed order is attached, pursuant to Local Civil Rule 7(c).

---

[1] Counsel for Defendants said that filing a reply the night before a mid-morning hearing would not give them time to review. Respectfully, that is the nature of expedited proceedings in which Empire Wind only received Defendants' Opposition at noon today and prepared its reply as quickly as possible. It will not take long to read a 16-page reply brief and single four-page declaration and raise any resulting points at the hearing. The paramount concern is ensuring that the Court has full briefing on all the issues, including the new points raised in Defendants' Opposition and two declarations.

**I.     INTRODUCTION**

Empire Wind's Preliminary Injunction Motion (Dkt. No. 8) argues that Defendants' Suspension Order violates the Administrative Procedure Act, the Outer Continental Shelf Lands Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution. On January 13, 2026, Defendants filed an Opposition brief along with two declarations. *See* Dkt.29; Declaration of Jacob Tyner ("Tyner Decl."), Dkt.29-2; Declaration of Honorable Dale R. Marks ("Marks Decl."), Dkt. 29-3.  Defendants' declarations raise new factual claims as purported justifications for the Suspension Order that Empire Wind was not, and could not have been, aware of when it filed its Preliminary Injunction Motion.  Accordingly, good cause exists to allow Empire Wind to respond to the new information and legal arguments raised by Defendants. Because Empire Wind's reply addresses arguments raised by Defendants that were not addressed in Empire Wind's Preliminary Injunction Motion, Defendants will not suffer any prejudice by the submission of this reply.  Nor will Defendants suffer prejudice by the submission of the rebuttal declaration, as it merely describes Equinor US Operations LLC's knowledge surrounding mitigation of offshore wind project impacts on national security, including radar.

**II.     ARGUMENT**

Local Rule 65.1 does not specify whether a party moving for a preliminary injunction may file a reply, but states that a supplemental declaration regarding a motion for a preliminary injunction "may be filed only with permission of the Court."  LCvR 65.1(c); *see also Elk Assocs. Funding Corp. v. U.S. Small Bus. Admin.*, 858 F. Supp. 2d 1, 26 (D.D.C. 2012).  This Court has held that a movant for a preliminary injunction may obtain leave of the Court to file a reply and supplemental declaration. *See, e.g., Econ. Rsch. Servs., Inc. v. Resol. Econ., LLC*, 140 F. Supp. 3d 47, 49 n.2 (D.D.C. 2015).  This Court grants leave to file supplemental declarations where "good

cause" exists. *All. for Retired Ams. v. Bessent*, No. 1:25-CV-313, 2025 WL 1744617, at *1 (D.D.C. Feb. 11, 2025).

Good cause exists to grant Empire Wind leave to file its reply and supplemental declaration because Defendants have introduced information and legal arguments that Empire Wind did not have the opportunity to address in its Preliminary Injunction Motion. Defendants' Opposition raises new legal arguments, many of which are based on new factual assertions contained in Defendants' two declarations. *See* Dkt. 29. Absent the opportunity to file a reply brief from Empire Wind, the new information and arguments raised by Defendants will go unrebutted, and this Court will be deprived of fulsome briefing on the merits of Empire Wind's Preliminary Injunction Motion. Defendants will suffer no prejudice by Empire Wind responding to their claims and providing information helpful for assessing their Opposition.

Empire Wind also proposes to file the Rebuttal Declaration of Patrick England ("England Rebuttal Decl.") in support of Empire Wind's Preliminary Injunction Motion, in response to the new information and arguments Defendants raise in their Opposition and declarations. The England Rebuttal Declaration discusses Empire Wind's attempts to gain access to the classified information and describes Equinor US Operations LLC's knowledge surrounding mitigation of offshore wind project impacts on national security, including radar. *Id.* ¶¶ 3-11. The England Rebuttal Declaration aims to provide the Court with a complete picture of the relevant facts to assess the pending Preliminary Injunction Motion. *See WallBuilder Presentations v. Clarke*, No. 1:23-CV-3695, 2024 WL 2299581, at *14 n.9 (D.D.C. May 21, 2024). Accordingly, good cause exists to grant Empire Wind's motion to file a reply and supplemental declaration in support of its Preliminary Injunction Motion. *See All. for Retired Ams.*, 2025 WL 1744617, at *1.

### III. CONCLUSION

For the foregoing reasons and good cause, Empire Wind respectfully requests that the Court grant Empire Wind's motion for leave to file a reply and supplemental declaration in support of Empire Wind's Motion for a Preliminary Injunction and Stay Pending Review.

Date: January 13, 2026

Respectfully submitted,

Tyler S. Johnson (DC Bar #1003009)
(*admitted pro hac vice*)
**BRACEWELL LLP**
701 Fifth Avenue
Suite 6850
Seattle, Washington 98104
Telephone: (206) 204-6211
Facsimile: (800) 404-3970
Email: ty.johnson@bracewell.com

 */s/ Ann D. Navaro*
Ann D. Navaro (DC Bar #1643328)
David A. Super (DC Bar #429359)
Taylor M. Stuart (DC Bar #429359)
**BRACEWELL LLP**
2001 M Street NW, Suite 900
Washington, DC 20036
Telephone: (202) 828-5800
Facsimile: (800) 404-3970
Email: ann.navaro@bracewell.com
　　　　david.super@bracewell.com
　　　　taylor.stuart@bracewell.com

*Counsel for Plaintiffs*
*Empire Leaseholder LLC and Empire Offshore Wind LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January 2026, a true and complete copy of *Empire Wind's Motion for Leave to File Reply in Support of Motion for Preliminary Injunction and Stay Pending Review* was filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

          /s/ *Ann D. Navaro*
          Ann D. Navaro