IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPIRE LEASEHOLDER LLC, and EMPIRE OFFSHORE WIND LLC,<br><br>    Plaintiffs,<br> v.<br><br>DOUGLAS J. BURGUM, et al.,<br><br>    Defendants. | Case No. 1:26-cv-004-CJN |
| STATE OF NEW YORK, et al.,<br><br>    Plaintiffs,<br> v.<br><br>DOUGLAS J. BURGUM, et al.,<br><br>    Defendants. | Case No. 1:26-cv-071-CJN (consolidated) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF STAY**

  These cases should be stayed through April 1. As explained in Federal Defendants' Motion (Dkt. No. 41), the agency action that Plaintiffs challenge was temporary in nature, expires on March 22, and contemplates some further Bureau of Ocean Energy Management (BOEM) action. It makes little sense for the parties or the Court to dedicate short-term resources to litigating the cases as presently pled. Plaintiffs argue the cases should nonetheless plow ahead. *See* Empire Opp'n, Dkt. No. 44; New York Opp'n, Dkt. No. 46. We make four points in reply.

  *First*, Plaintiffs appear to misunderstand the nature of the stay request. Empire Wind posits that Federal Defendants are attempting to "short circuit the litigation process" (Empire Opp'n 2), are seeking "to evade review" and "delay resolution" (Empire Opp'n 4, 5), and that a stay for an

1

"indefinite time does not comport with the efficient and timely judicial resolution of matters," Empire Opp'n 9 (quoting *DSMC, Inc. v. Convera Corp.*, F. Supp. 2d 14, 31 (D.D.C. 2002)).  New York submits that Federal Defendants are attempting to "postpone entry of final judgment."  New York Opp'n 2.  But Federal Defendants are only requesting a stay through April 1.  That will take the parties through the challenged Suspension Order's March 22 expiration date.  The parties would then confer about the best course: a further stay, a schedule for continuing to litigate the cases as presently pled, or some other plan or resolution.  Contrary to Empire Wind's posturing, the point is not that the cases will suddenly become "nonjusticiable."  *See* Empire Opp'n 4.  Rather, the parties' interests—and thus, the cases—will likely change.  The cases Plaintiffs cite in support of their arguments are inapt because none involved a challenge to a temporary action that was enjoined and soon to expire.  *See Garcia v. Acosta*, 393 F. Supp. 3d 93, 99, 110–11 (D.D.C. 2019) (challenging alleged policy that, despite a plan for new notice of proposed rulemaking, remained in place); *DSMC*, 273 F. Supp. 2d at 30–31 (trade secrets and tort claims between two private parties, in which defendant-intervenor sought stay given arbitration between it and plaintiff); *Alts. Res. & Dev. Found. v. Glickman*, 101 F. Supp. 2d 7, 9–10, 15–16 (D.D.C. 2000) (challenging regulations that, despite rulemaking petition before the agency, remained in place); *see also Trump v. Mazars USA, LLP*, 39 F.4th 774, 786 (D.C. Cir. 2022) (challenging House of Representative subpoena to the President, despite reissuance of a new subpoena without modification by the new Congress pursuant to a House Rule aimed at allowing the continuity of litigation across Congresses).[1]

---

[1] Empire Wind implies *Mazars* involved a motion to stay the litigation.  Empire Opp'n 7 (parenthetical to case citation).  It did not.  The case does reference a "stay," but it is referring to the Supreme Court's denial of a request to stay a court order pending appeal in a different case.  *See Mazars*, 39 F.4th at 788.

2

*Second*, Plaintiffs' effort to articulate prejudice from any stay only underscores the need for one. Empire Wind and New York do not dispute that, given the Court's preliminary injunction, neither will be prejudiced by a short stay of litigation over the December 22 Suspension Order. Instead, both pin prejudice to speculative concerns about the potential future BOEM action. But those are not harms caused by the stay. To the contrary, the stay is appropriate *because of* the potential for future action. Plaintiffs' reasoning illustrates the point. Though speculating as to the outcome of BOEM's decision-making, Empire Wind all but promises to challenge any future action that it feels impacts its ability to develop the project. *See* Empire Opp'n 7. That of course would require an amended complaint and (or so Plaintiffs seem to think) motions for preliminary relief. Thus, Empire Wind's position appears to be that the parties should proceed immediately to litigate an enjoined, soon-to-expire agency action, only to potentially shift course midstream to instead or also litigate the potential future agency action. Similarly, New York argues that Federal Defendants are seeking the stay "to allow them to consider another action against Empire Wind." New York Opp'n 3. But the Suspension Order already makes clear that BOEM's review is ongoing. That review is occurring regardless of any stay.

*Third*, Empire Wind's desire to litigate conflicts with its desire for more attention from BOEM regarding the national security concerns. Empire Wind submits that its meetings with BOEM thus far have been "cursory." Empire Opp'n 4. The letter Empire Wind attaches to its opposition requests technical meetings with BOEM and the Department of War, the sharing of classified information, and a better understanding of the agencies' concerns. *See* Empire Wind Ex. 1, Dkt. No. 45. But the distractions of litigation, including needing to respond to Plaintiffs' motions challenging the adequacy of the administrative record, do not further BOEM's ability to meet those requests. Perhaps recognizing this, New York references the Secretary of the Interior's statements

regarding potential appeal, reasoning that litigation resources will be needed regardless. New York Opp'n 2–3. But an appeal—which would require authorization by the Solicitor General—has not been filed and, even if one is, briefing on the merits would not occur until well after April 1. *See* Fed. R. App. P. 31(a)(1) (making appellant's brief due 40 days after the record on appeal is filed); D.C. Circuit Rule 31(a) (directing parties to follow a court scheduling order).

*Fourth*, Plaintiffs' effort to rely on purported repeat actions is misplaced and, in any event, only again counsels in favor of the stay. Empire Wind attempts an analogy to the circumstances in *Revolution Wind*. Empire Wind Opp'n 7. But BOEM based the two orders at issue there—an August stop work order and a December suspension order—on different things, though both tied to national security. The August order's national security concern was rooted in the fact that the project proponent had not yet entered certain mitigation agreements. Decl. of Adam Suess ¶¶ 8, 10, 14, *Revolution Wind v. Burgum*, No. 25-cv-2999-RCL, Dkt. No. 17-1 (Sept. 12, 2025). The December order was rooted (like that for Empire Wind) in the new national security information BOEM received from the Department of War in November 2025 (after the August order). *See* Decl. of Jacob Tyner ¶¶ 4, 6, 7, 9, *Revolution Wind*, No. 25-cv-2999-RCL, Dkt. No. 60-1 (Jan. 8, 2026). Similarly, Empire Wind does not offer any evidence that BOEM's April stop work for its project—which BOEM lifted several weeks later—was based on national security concerns. Regardless, there is no "surprise" waiting here. Empire Opp'n 4. BOEM made clear in the December 22 Suspension Order that the Order was temporary and that BOEM would potentially be taking a more-permanent action upon completion of its review. Given that fact—and Plaintiffs' confirmation that they will challenge any resulting action that, in their view, impacts project viability—efficiency counsels in favor of at least a short-term stay. Federal Defendants' motion should be granted.

4

March 9, 2026

                                                                         ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

JOHN K. ADAMS
Senior Counsel and Chief of Staff

*Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-1937
kristofor.swanson@usdoj.gov

*Attorneys for Federal Defendants*