**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EMPIRE LEASEHOLDER LLC, *et al.*,

*Plaintiffs*,

v.

DOUGLAS J. BURGUM, Secretary of the
U.S. Department of the Interior, *et al.*,

*Defendants*.

Civil Action No. 1:26-cv-00004 (CJN)

STATE OF NEW YORK, *et al.*,

*Plaintiffs*,

v.

DOUGLAS J. BURGUM, Secretary of the
U.S. Department of the Interior, *et al.*,

*Defendants*.

Civil Action No. 1:26-cv-00071 (CJN)
(consolidated)

**ORDER**

Empire Wind moves for the Court to consider the April 2025 Stop Work Order and the May 2025 Amended Order as part of the administrative record, or, in the alternative, as extra-record evidence. ECF 42. The New York Plaintiffs also seek to include as extra-record evidence public statements and executive actions related to the government's wind energy policies. ECF 43. For the following reasons, the Court denies Empire Wind's motion insofar as it seeks to complete the administrative record but holds in abeyance the rest of Empire Wind's motion and the New York Plaintiffs' motion.

1

When evaluating a claim brought under the Administrative Procedure Act, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). "[T]he Court may consider 'any document that might have influenced the agency's decision' and not merely those documents the agency expressly relied on in reaching its final determination." *Charleston Area Med. Ctr. v. Burwell*, 216 F. Supp. 3d 18, 23 (D.D.C. 2016) (quoting *Nat'l Courier Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 516 F.2d 1229, 1241 (D.C. Cir. 1975)). But "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (citation omitted). The "party moving to supplement the administrative record" therefore "must meet a heavy burden." *Smalls v. Bd. for Corr. of Naval Recs.*, No. 17-cv-606, 2018 WL 11411254, at *1 (D.D.C. July 12, 2018); *see also Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 112 (D.D.C. 2009) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird.").

Empire Wind has not met its burden to establish that either the Stop Work Order or Amended Order must be added to complete the administrative record. Although it is possible that the Orders could have been relevant in some way to BOEM's decision to issue the Suspension Order, overcoming the presumption of administrative regularity requires a stronger showing. After all, "[a] plaintiff cannot merely assert . . . that materials were relevant or were before an agency when it made its decision." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010). Empire Wind's argument that BOEM must have at least indirectly considered these Orders is too speculative and lacks concrete support. *See Pac. Shores Subdivision, Cal. Water Dist. v. U.S.*

*Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006) (explaining that the movant "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record").  The only specific evidence that Empire Wind cites to establish a connection between the Stop Work Order and Amended Order and the Suspension Order is a document from May 9 (currently in the administrative record) that, Empire Wind argues, discussed national security concerns "during the same timeframe as the Stop Work Order and ten days before BOEM issued the Amended Order."  *See* ECF 42 at 4–5; *see also* ECF 42-4 at 2.  The government fairly points out, however, that this document was based on a separate decision from Interior that came out after the Stop Work Order had already been issued, *see* ECF 48 at 7, and Empire Wind's rebuttal fails to establish a sufficient connection between the May 9 document and the Orders at issue here, *see* ECF 49 at 4–5 (discussing how "the Stop Work Order and Interior M-Opinion 37086 resulted from a broader top-down review ordered by President Trump through a series of executive orders and a presidential memorandum" but not establishing any specific relationship between the documents).  In addition, the government provides a reasonable explanation that BOEM did not consider the Stop Work Order and Amended Order because those Orders concerned environmental issues whereas the Suspension Order was based on national security concerns.  *Compare* ECF 42-1 at 2 (Stop Work Order issued to give BOEM "time for it to address feedback it has received, including from the National Oceanic and Atmospheric Administration (NOAA), about the environmental analyses for that project"), *with* ECF 3-1 at 2 (Suspension Order stopping all ongoing activities "for reasons of national security" based on an assessment from the Department of War).

As far as extra-record evidence, "the record can be supplemented in three instances: (1) if the agency 'deliberately or negligently excluded documents that may have been adverse to its

decision,' (2) if background information was needed 'to determine whether the agency considered all the relevant factors,' or (3) if the 'agency failed to explain administrative action so as to frustrate judicial review.'" *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).  These exceptions apply only in "unusual circumstances." *Id.* (quoting *Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991)).  But there are "a small class of cases where district courts may consult extra-record evidence when 'the procedural validity of the agency's action remains in serious question.'"  *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (alterations adopted) (quoting *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)).

Empire Wind argues that consideration of the Stop Work Order and Amended Order is necessary to enable judicial review to be effective given that it intends to argue that BOEM did not consider the reliance interests engendered by those Orders.  ECF 42 at 5–7.  The New York Plaintiffs contend that consideration of "(1) public statements made by Secretary Burgum and President Trump opposing wind energy on grounds other than national security and (2) executive actions taken by President Trump and Interior to halt the development and approval of wind energy projects" is necessary to adjudicate their argument that national security concerns did not motivate the Suspension Order.  ECF 43 at 4–8.  The government does not oppose references to the Stop Work Order, Amended Order, and executive actions "as background information," but it argues that these orders "should not be considered for purposes of determining whether BOEM acted arbitrarily or contrarily to law in issuing the December suspension order."[1]  ECF 48 at 8–14.

---

[1] The government does not object to citation of the other orders related to wind energy for background purposes, but it appears that this concession does not necessarily extend to the statements from Secretary Burgum and President Trump that the New York Plaintiffs seek to introduce. *See* ECF 48 at 14.

4

Whether these groups of extra-record evidence are necessary to enable effective judicial review, however, is not entirely clear at this stage without knowing the exact arguments and responses that the Parties will raise at summary judgment.[2]  As other courts have done, *see, e.g.*, *Silver v. IRS*, 531 F. Supp. 3d 346, 355 (D.D.C. 2021), the Court defers ruling on this issue until briefing for summary judgment is complete.  The Court will therefore hold the portions of Empire Wind's motion regarding extra-record evidence and the entirety of the New York Plaintiffs' motion in abeyance pending a ruling on summary judgment.  The Parties are therefore free to rely on the proposed extra-record evidence in their briefs at summary judgment, but the government's objections will remain under advisement.

Accordingly, it is hereby

**ORDERED** that Empire Wind's motion to complete the administrative record or allow for extra-record evidence, ECF 42, is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**; and it is further

**ORDERED** that the New York Plaintiffs' motion to consider extra-record evidence, ECF 43, is **HELD IN ABEYANCE**; and it is further

**ORDERED** that the Parties shall file a proposed joint motion for a scheduling order for summary judgment on or before April 16, 2026.

DATE:  April 9, 2026

CARL J. NICHOLS
United States District Judge

---

[2] Although Empire Wind cites its motion for a preliminary injunction to forecast the types of arguments it will raise, *see* ECF 42 at 6–7, the Court believes that it would be best to see all the arguments raised at summary judgment before making a definitive ruling.